Name: Antonyio S Melvin

Address: 10395 Don Pico Rd Spring Valley CA 91978

Telephone Phone: (619) 251-9813

Email: Antonyiomelvin79@gmail.com

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

Antonyio S Melvin

Plaintiff(s),

v.

Staples Inc

Defendant(s).

Case No.: **'22CV1130 LL   WVG**
(assigned at time of filing)

**COMPLAINT**

I. **RELATED CASES**

a. Do you have other Civil Case(s) in this or any other federal court?

☐ Yes   ☒ No

b. If yes, please list the case numbers here:

II. **STATEMENT OF CLAIM** *(Briefly state the facts of your case. Describe how each defendant is involved, and tell what each defendant did to you that caused you to file this suit against them. Include names of any other persons involved, dates, and places.)*

**IV.   DEMAND FOR JURY TRIAL** *(Would you like a trial by jury on all claims pursuant to FRCP, Rule 38?)*

☒ Yes     ☐ No

I declare under penalty of perjury that the foregoing is true and correct.

July 28, 2022
Date

_____
Signature

ANTONYIO MELVIN
Printed Name

Plaintiff Antonyio Melvin ("Plaintiff or "Mr. Melvin"). Brings forth this complaint in the form of Pro Se, and for his complaint in this action against Defendant Staples Inc ("Defendant"), hereby alleges as follows

## NATURE OF THE CLAIMS

This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendants unlawful employment practices against plaintiff, including its discrimatory treatment and harassment of plaintiff due to his religious beliefs and its unlawful retaliation against him after he complained about unlawful discrimination in the workplace in violation of the section 1981 of the Civil rights Act of 1866, 42 U.S.C 1981 ("section 1981").

## JURISDICITON AND VENUE

The court has jurisdiction over this action pursuant to 28 U.S.C 1331 as this action involves federal questions regarding the deprivation of plaintiff's rights under section 1981. Venue is proper in this district pursuant to 28 U.S.C 1391 (a) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

Plaintiff Antonyio Melvin is a resident of San Diego, California, at all relevant times, plaintiff is and has been a resident of the state of California and met the definition of an "employee" under all applicable statues. Under information and belief, defendant staples Inc is engaged in the sales and warehousing business in the San Diego area. At all relevant times, staples have met the definition of an employer under all applicable statues.

## FACTUAL ALLEGATIONS

Plaintiff is an African American and former employee of Staples Inc plaintiff was employed by Staples from or about 2019 to November 2020 as a warehouse associated. Plaintiff reported to Staples Inc night supervisor "olgie" and Warehouse Manager "Melvin"; the manager Melvin is not the plaintiff in this action but the manager of the entire warehouse. During the course of plaintiff employment with Staples,

(complaint) - 1

plaintiffs was in the position of a general laborer (unloading trucks and loading Staples trucks). Staples is located in San Diego, California area. On numerous conversations with the new supervisor of the night crew "olgie", plaintiff was subjected to a pattern of inappropriate questions concerning plaintiff's religion and ethical background as well as derogatory comments concerning his religion beliefs as well as derogatory comments regarding the race and ethnicity of other company employee (which were all fired or quite due to behavior of the supervisor).

## PLAINTFFS INTERACTIONS WITH SUPERVISORS

When plaintiff first started working with Staples Inc, he was hired through a temporary service and was hired onto the company due to excellent work ethics (always on time to work, no write up of any form and plaintiff when above and beyond what was ask of him); after proximity (3) months. Once the original night supervisor was fired due to claims by "olgie" the last supervisor was on film stealing company products (laptops and tablets). Th original night supervisor name was "Noah". Noah was terminated and replaced with "olgie". The practice of staples is to hire temp services worker and have them do all the work; while regular employees do almost no work. In plaintiff first two weeks, he was threatened for not moving fast enough on the unloading process of removing items from the delivery trucks by supervisor "Noah". Supervisor Noah threaten to fight plaintiff and fire him if he did not pick up the pace and do more work. Supervisor Noah was fired and replaced by a seasoned employee "olgie". Upon olgie arrival to the night shift he had a grudge due to the fact his prior work assignment on the day shift was changed to the night shift and he did not want to work night hours as he express on many occasions to myself and other employees. The first interaction plaintiff has with supervisor "olgie" he started a conversation about plaintiff gold chain emblem; which had a lion head. Supervisor olgie asked plaintiff what his religion preference was; plaintiff stated he was Muslim. Staples supervisor "olgie" would continue to make conversation with plaintiff on his religious beliefs; making the following statements "I did not know Blacks were Muslims". Plaintiff made numerous complaints to the "lead" Markie, front office staff and management. Plaintiff also filed verbal and written complaints on "olgie" but nothing resulted in the complaints. Plaintiff written complaint resulting in the termination of employment. First plaintiff was suspended while an investigation was taken place ; due to supervisor

olgie making false claims to Staples Inc human resources department in an attempt to cover up the verbal and written complaints made by the plaintiff. On numerous occasion "olgie" attempted to question plaintiff about his marital status; which plaintiff attempted to defect the conversation because he did not believe it was an appropriate frame of questioning in the workplace between employee and supervisor. When plaintiff refuse to disclose his background or martial status to "olgie" he stated he did not trust plaintiff. "oldie would make comments on how many wives did the plaintiff have? and did plaintiff wear religion dresses "like other Muslims". "olgie" would tell plaintiff on numerous occasions that he was not a real Muslim. On more than one occasion "olgie" threaten to fire plaintiff if he continues to display the lion chain due to the fact it made other employees and himself uncomfortable. "olgie" would make comments saying all other employees at the warehouse were Christians. "olgie" stated did Staples upon hiring plaintiff know his religious beliefs because "they would not have hire you as a full-time employee if they knew the information before hiring you". Before "olgie' was transferred to the night shift plaintiff was one of the top employees. Plaintiff was doing such a good job he was assigned extra hours every shift; he came to work every night to help prep the trucks for the night. The only employees that came to work early was the lead "Markie", the plaintiff and supervisor "olgie". Most of the conversation that took place between plaintiff and olgie came at this time when other employees were not present.

### STAPLES SUPERVISOR CONTINUUED DEROGATORY COMMENTS

On or about November 2020, plaintiff was in a private meeting with manager "Melvin". In the meeting "Melvin" ask plaintiff what could be done to ensure the warehouse would be ran efficiently to ensure all trucks would be loaded in time for the drivers in the morning. Plaintiff stated supervisor "olgie" is not following normal procedure in the way he is using the forklift to unload the trucks. After the private meeting with management "olgie" got word of the meeting and found out the comment's plaintiff made to "Melvin". "olgie" threaten plaintiff with taking away the extra hours he earned every night from plaintiff pay check if he got word that plaintiff made any more complaints. Plaintiff was afraid to lose his job which was the only means to feed his three (3) children and pay rent. The next incident happened at a group meeting and "olgie stated he was going to get plaintiff fired for voicing his opinion in a group

meeting. After the threat plaintiff was depress and felt the work environment was stressful; plaintiff was afraid to made any more complaints. On many occasions after the group meeting plaintiff had thoughts of putting in two weeks' notice due to emotional trauma. Warehouse manger "Melvin" told plaintiff he would talk to "olgie" and fix the issues. Plaintiff and "olgie" after Melvin talked with olgie relationship got even worst after olgie was pulled into the front office for his behavior. The last event stems from olgie making religious comment to plaintiff and olgie jumped off the forklift and stated to plaintiff "you think you're in charge of the warehouse and make all the rules. He stated to plaintiff next thing you're going to complain to staff that you can not wear a "Dress" to work or get time to pray. Plaintiff yelled at olgie and told him he was going to call manager Melvin (it was around 12 midnight) and report the issue/ statements. Olgie told plaintiff to just clock out because he was fired. Plaintiff told olgie he would call Melvin and wait outside until his arrival. When manager Melvin arrived at work he took plaintiff into his office and ask what had happen. Plaintiff described the situation and Melvin stated plaintiff could take vacation due to a lot of vacation time on the books; vacation should have been paid vacation. When plaintiff was on vacation Human resources called him and stated he was placed on suspension pending investigation. Human resources stated "olgie" made claims that plaintiff had prior threaten him and been drinking/smoking drugs on the job sight. Plaintiff has never heard of the accusations before and never had any prior written reports for negative behavior. Human resources stated that wanted a written statement from plaintiff on the allegation "olgie" say took place in the past. When plaintiff denied to make any statement due to he never heard of prior allegations; he refuses to make any statement to human resources which resulted in plaintiff being terminated from Staples Inc. Plaintiff was never paid for the vacation time he took and was fired due to false allegations. Plaintiff on numerous occasions asked the human resource department how would they fix the issue with "olgie" they did not attempt to fix any of the plaintiffs' complaints.

**FIRST CAUSE OF ACTION**

Retaliation in violation of section 1981 plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein. Defendant have violated section 1981 by subjecting plaintiff to retaliation for his protected complaints and opposition to "olgie" discriminatory comments

on the basis of race and ethnicity, inter alia terminating plaintiff's employment with the company. As a direct and proximate result of defendant's unlawful retaliatory conduct in violation of section 1981. Plaintiff has suffered and continues to suffer monetary and/ or economic damages, including but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief. As a direct proximate result of defendant's unlawful retaliatory conduct in violation of section 1981, plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief. Defendants unlawful retaliatory conduct constitutes a willful and wanton violation of section 1981, was outrageous and malicious, was intended to injure plaintiff and was done with conscious disregard of plaintiff's civil rights. Entitling plaintiff to an award of punitive damages.

## **PRAYER FOR RELIEF**

Wherefore, plaintiff prays that the court enter judgment in his favor and against defendant, containing the following relief.

A. A declaratory judgment that the actions conduct and practices of defendant compiled of herein violated the laws of the United States.

B. An injunction and order permanently restraining defendant from engaging in such unlawful conduct.

C. An order directing defendant to place plaintiff in the position he would have occupied but for defendants discriminatory retaliatory and or. Otherwise unlawful treatment of him, as well as to take such affirmative action as in necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect plaintiff.

D. An award of damages in an amount to be determined at trial, plus prejudgment interest to compensate plaintiff for all monetary and/ or economic damages, including, but not limited to,

the loss of past and future income, wages, compensation, job security and other benefits of employment.

E. An award of damages in an amount to be determined at trial, plus prejudgment interest to compensate plaintiff for all non-monetary and / or compensatory damages including, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries.

F. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate plaintiff form harm to his professional and personal reputation and loss of career fulfillment.

G. An award of damages for any and all other monetary and / or non-monetary losses suffered by plaintiff in an amount to be determined at trial, plus prejudgment interest.

H. An award of punitive damages

I. An award of costs that plaintiff has incurred in this action.

J. Such other and further relief as the court may deem just and proper.

## JURY DEMAND

Plaintiff hereby, demands a trial by jury on all issues of facts and damages stated herein.

Date: July 28, 2022

Pro Se Antonyio Melvin
10395 Don Pico Rd
Spring Valley, Ca 91978
619 251-9813
Pro Se

(complaint) - 6