UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONYIO S. MELVIN,<br><br>         Plaintiff,<br><br>v.<br><br>STAPLES INC.,<br><br>         Defendant. | Case No.: 22cv1130-LL-WVG<br><br>**ORDER:**<br> (1) **GRANTING MOTION TO PROCEED IFP; AND**<br> (2) **DISMISSING COMPLAINT WITHOUT PREJUDICE**<br><br>**[ECF Nos. 1, 2]** |

  Plaintiff Antonyio S. Melvin filed this civil action against Defendant Staples Inc. ("Staples") on August 1, 2022. ECF No. 1. Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 2. Having considered carefully Plaintiff's Complaint, IFP Motion, and the applicable law, the Court: (1) **GRANTS** Plaintiff's Motion to Proceed IFP and (2) **DISMISSES** the Complaint without prejudice.

  **I.**  **MOTION TO PROCEED IFP**

  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v.*

*Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal citation and quotation marks omitted). The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

Plaintiff submits that, although his average income over the twelve months preceding his IFP application totaled $1,600 per month, he anticipates a monthly income of $600 per month due to a recent injury that rendered him unable to work. ECF No. 2. Plaintiff states that his monthly expenses total $570, including rent, food, clothing, laundry, and support payments to others. *Id.* Upon review of Plaintiff's application, the Court finds that Plaintiff has sufficiently demonstrated that he is unable to pay the filing fee. However, the Court may direct Plaintiff to pay the filing fee to the Clerk of Court if Plaintiff's financial situation improves during the course of litigation, or from settlement proceeds. *See Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) ("IFP status may be acquired or lost during the course of the litigation, and the court may waive or order payment of costs for any of the benefits that may arise under the statute."), *aff'd in pertinent part sub nom. Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995).

## II.   SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

### A.   Legal Standard

A complaint filed by any person seeking to proceed IFP is subject to sua sponte dismissal if it is (i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]"). Congress enacted this safeguard because "'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious or repetitive lawsuits.'" *Denton v. Hernandez*,

504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). In fact, "section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citing *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez*, 203 F.3d 1122). To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a complaint's plausibility, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). Nonetheless, courts are not required to "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). Complaints must also comply with Federal Rule of Civil Procedure 8, which requires that each pleading includes a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

### B. Discussion

Plaintiff's Complaint asserts a single cause of action under 42 U.S.C. § 1981 for retaliatory termination. ECF No. 1. at 6. Plaintiff, a former employee of Staples, alleges that his employment was terminated as retaliation for several verbal and written complaints that he lodged with Staples regarding comments, questions, and threats by another employee regarding his race, religion, martial status, and jewelry. *Id.* at 4-5.

For any action brought under § 1981, a plaintiff must initially plead and eventually prove that race was a but-for cause of the loss of a legally protected right. *Comcast Corp.*

*v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1014, 1019 (2020); *Runyon v. McCrary*, 427 U.S. 160, 168-72 (1976). In other words, a plaintiff asserting a § 1981 claim must identify an impaired contractual relationship under which they have rights and allege that the defendant(s) impaired that relationship because of their race. *See id.* at 1016; *Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 388 (1982). Although a complaint in an employment discrimination case need not "contain specific facts establishing a prima facie case of discrimination," it must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Maduka v. Sunrise Hosp.*, 375 F.3d 909, 911-912 (9th Cir. 2004) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)) (internal quotation marks omitted). In other words, the complaint "requires 'allegations plausibly suggesting (not merely consistent with) racial animus.'" *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1123 n.4 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

      Plaintiff alleges that he was terminated from employment by Staples as "retaliation for his protected complaints and opposition to . . . discriminatory comments on the basis of race and ethnicity" by an employee referred to as "olgie." ECF No. 1 at 6-7. However, this allegation is not supported by the facts in Plaintiff's complaint. Although Plaintiff makes numerous allegations that he was subjected to inappropriate comments and questions about his background, religion, clothing, marital status, and a particular piece of jewelry, the only specific allegation involving Plaintiff's race or ethnicity is that olgie stated that "I did not know Blacks were Muslims." *Id.* at 4. In particular, Plaintiff's allegations regarding threats by olgie or adverse actions by Staples do not appear to involve any claims around Plaintiff's race or ethnicity. Plaintiff alleges that olgie threatened "to fire plaintiff if he continues to display the lion chain due to the fact that it made other employees and himself uncomfortable," [*id.* at 5], that olgie stated that "[Staples] would not have hire[sic] you as a full-time employee if they knew [Plaintiff's religious beliefs] before hiring you," [*id.*], that olgie "threaten[ed] plaintiff with taking away . . . extra hours" after Plaintiff told the warehouse manager that olgie did not "follow[] normal procedure in

1  the way he is using the forklift to unload the trucks," [*id.*], and that olgie "stated he was
2  going to get plaintiff fired for voicing his opinion in a group meeting," [*id.* at 4-5].

3  Plaintiff states that he was suspended and eventually terminated from employment
4  by Staples following an argument with olgie that was instigated by "olgie making [a]
5  religious comment to plaintiff[.]" *Id.* at 5. More specifically, Plaintiff alleges that Staples'
6  human resources department informed him that he was placed on suspension pending an
7  investigation based on claims by olgie that Plaintiff threatened olgie and that Plaintiff had
8  been "drinking/smoking drugs on the job sight[sic]." *Id.* at 6. Plaintiff avers that, in
9  response to a request for a written statement regarding olgie's allegations, Plaintiff "denied
10 to make any statement," and "refuse[d] to make any statement to human resources which
11 resulted in plaintiff being terminated from Staples Inc." *Id.*

12  Plaintiff has not alleged that Staples purposefully or intentionally discriminated
13 against him on the basis of race. *See Gen. Bldg. Contractor's Ass'n*, 458 U.S. at 388-89.
14 While Plaintiff's allegations make some reference to his race and background in his
15 interactions with olgie, another employee, his allegations regarding Staples, the defendant
16 in this case, appear to pertain only to claims that Plaintiff threatened olgie and was using
17 alcohol and other drugs at work, and his failure to respond to or rebut such claims.
18 Plaintiff's Complaint does not put forth any facts alleging that Staples decision to suspend
19 or terminate his employment was racially motivated. Therefore, Plaintiff has not plausibly
20 alleged that, "but for race, [he] would not have suffered the loss of a legally protected
21 right." *See Comcast Corp.*, 140 S. Ct. at 1019. Because the Complaint fails to state a claim
22 upon which relief may be granted, it must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii);
23 *Lopez*, 203 F.3d at 1127.
24 \\\
25 \\\
26 \\\
27 \\\
28 \\\

### III. CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion to Proceed IFP [ECF No. 2] is **GRANTED**;
2. Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B); and
3. Plaintiff is **GRANTED thirty (30) calendar days** from the date of this Order, or in other words, by **Wednesday, February 8, 2023**, to reopen his case by filing an amended complaint.

**IT IS SO ORDERED**.

Dated: January 9, 2023

_____
Honorable Linda Lopez
United States District Judge